WHITESIDE, Respondent, v. FISCHER, et al, Appellants.

(250 N. W. 60.)

(File No. 7401. Opinion filed September 19, 1933.)

*Van Slyke & Agor,* of Aberdeen, and *Bailey & Voorhees* and *M. T. Woods,* all of Sioux Falls, for Appellant.

*D. M. Joyce,* of Aberdeen, for Respondent.

POLLEY, J. The defendant, Virgil C. Fischer, and Elizabeth G. Fischer were husband and wife. They were residents of Marshall county and had a family consisting of two minor children Elizabeth G. Fischer died on the 12th day of April, 1929. At the time of her death she had a life insurance policy issued by the defendant company payable to her "executors, administrators or assigns of insured," on which at the time of her death there was due $1,530.32. But left no other estate of any kind or character. On the 3d day of May, 1929, Virgil C. Fischer was appointed administrator of the estate of Elizabeth G. Fischer. On the 13th day of May, Virgil C. Fischer presented to the defendant proof of the death of Elizabeth G. Fischer, and a certified copy of his letters of administration, and on the 14th day of May defendant mailed to him its negotiable check payable to Virgil C. Fischer, as administrator of the estate of Elizabeth G. Fischer, deceased, for the said sum of $1,530.32.

On the 25th day of May said administrator presented to the county court of Marshall county a petition from which it appears that he had collected the said insurance money and asked that said money be set aside to him and the two minor children as absolutely exempt. This petition was granted.

On the 18th day of February, 1927, judgment was entered in the circuit court of Marshall county against Virgil C. Fischer in favor of the plaintiff in this action in the sum of $212.79. Execution was issued upon this judgment on or about the 10th day of May, 1929, and on the same day summons and affidavit in garnishment were issued wherein the defendant life insurance company was named as garnishee defendant. This summons and affidavit were served on defendant company on the 14th day of May, and just prior to the time defendant company mailed the said check to Virgil C. Fischer.

It is the contention of plaintiff that Virgil C. Fisher was an heir of Elizabeth G. Fischer, and for that reason had an interest in the said insurance money; that by the service of the said affidavit and summons in garnishment the defendant became liable to the

plaintiff to the extent of the amount due on his said judgment. This contention is based upon the provisions of section 2470, Rev. Code 1919, which reads as follows: "From the time of the service of the summons upon the garnishee he shall stand liable to the plaintiff to the amount of the property, money, credits and effects in his possession or under his control belonging to the defendant, or in which he shall be interested, to the extent of his right or interest therein, and of all debts due or to become due to the defendant, except such as may be by law exempt from execution." It will be noted that this section excludes all money or property that is exempt from execution, and it is the contention of appellant that the said insurance money was exempt from execution. This contention is based upon the provisions of sections 2661 and 9310, Rev. Code 1919. Section 2661 reads as follows: "The proceeds of any insurance upon the life of any person, residing in this state at the time of his death and who leaves a surviving widow, husband, or minor child or children, payable upon his death to his order or the order of his assigns, estate, executor or administrator, and not assigned to any other person, shall, to any amount not exceeding five thousand dollars, inure to the use of such surviving widow, husband, minor child or children; and to such amount shall not be subject to the payment of any debt of such decedent."

And section 9310 reads as follows: "The proceeds of a policy of insurance, to the extent of five thousand dollars, on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of such individual, independently of his creditors; and of an endowment policy, payable to the assured on attaining a certain age, to the amount of five thousand dollars, shall be exempt from any of his debts, and the avails of any life insurance, or any other sum of money, not exceeding in amount five thousand dollars, made payable by any mutual aid or benevolent society upon the death of a member of such society, are not subject to the debts of the decedent."

Under the provisions of these two sections of the Code, the money due on the insurance policy was absolutely exempt. Under the provisions of these statutes, money under $5,000 in amount due on a life insurance policy is appropriated by law to the use and benefit of the surviving husband or wife and minor children. Such

money is not subject to the payment of debts and cannot be reached with an execution nor by garnishment proceedings.

The judgment and order appealed from are reversed.

RUDOLPH, P. J., and ROBERTS and WARREN, JJ., concur.

CAMPBELL, J., concurs in result.